IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**CHARLES D. HUDSON**
d/b/a Clean Image
Company

      **Plaintiff,**

v.                                                      CV 10-PT-180-E

**TYSON FOODS, INC.;**
**DOUG CHADICK and**
**GARY HEFLIN**

      **Defendants.**

## MEMORANDUM OPINION

This cause comes on to be heard on plaintiff's Motion to Remand filed on February 26, 2010. There is actually one claim of the plaintiff against defendant Gary Heflin. That is, that defendant Heflin was motivated by racial prejudice to terminate renewals of purported verbal contracts of defendant Tyson with plaintiff, and that he influenced Tyson's corporate hierarchy to install automatic washing equipment in order to be able to end Tyson's relationship with plaintiff.[1]

The evidence that plaintiff significantly relies upon is an alleged statement made by Heflin in August 2007 as follows: "Don't let it out yet, but I snowed Chadick into letting me get a drive through wash cause he thinks it'll save him money, yeah, right. Soon as I get it that whole bunch is outa here." This remark allegedly followed a question to Heflin as to "why he let that

---

[1] At a recorded hearing on March 29, 2010, the plaintiff acknowledged that his so-called defamation claim, as such, might be barred by the statute of limitations. Further, that the defamation issue was really a part of the interference claims.

*nigger* talk to him that way," to which Heflin allegedly replied, "Don't worry, that nigger lover Hudson and his wash bay monkeys will be gone soon."

The court concludes that there is a *possibility* that a finder of fact could find that Heflin made these statements. Further, that if he did make these statements, a finder of fact could find that he influenced the corporate decision makers to install the new system in order to avoid working with plaintiff and his employees.

The court further concludes that the foregoing, if it occurred, would be malicious and outside the line and scope of Heflin's employment.[2]

The Motion to Remand will be granted.

This the 29th day of March, 2010.

*/s/ Robert B. Propst*
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] The court also concludes that the statute of limitations issue is a question of fact.